**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LONNIE ANDERSON, *Petitioner*, v. STATE OF CONNECTICUT, et al., *Respondents*.

Case No. 3:21-cv-825 (KAD)

AUGUST 3, 2022

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge:

The Petitioner, Lonnie Anderson ("Anderson"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 conviction. On October 25, 2021, the Court denied the petition and determined that an appeal would not be taken in good faith. *See* Doc. No. 16. Judgment entered the following day. *See* Doc. No. 17. Petitioner appealed the denial. The Second Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal because he had not made a showing of the denial of a constitutional right. *See* Doc. No. 23. Petitioner then filed a motion to reopen judgment to add more claims to the petition. The Court determined that Anderson's claims were not properly asserted on a motion to reopen as the claims challenged his state court conviction and not this court's resolution of the case. *See* Doc. No. 24.

Anderson next filed a motion at the Court of Appeals seeking leave to file a second or successive petition. The Second Circuit noted that the time for filing a petition for certiorari at the United States Supreme Court had not expired at the time Petitioner filed his motion. Thus, the Second Circuit found that the petition would not be second or successive and transferred the motion to this court for "whatever further action the district court finds appropriate." Doc. No. 28 at 2 (quoting *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005)) (quotation marks omitted).

**Discussion**

Petitioner's claims in this motion primarily relate to his view that his conduct for which he was convicted, was taken in self-defense. Petitioner contends that trial counsel was ineffective because he failed to argue for a self-defense instruction even though he had notice of evidence that could support a self-defense claim, he failed to present evidence and witnesses that would have been consistent with a theory of self-defense, and he advised Petitioner to withdraw his appeal and withdrew the appeal without Petitioner's consent. *See* Doc. No. 27 at 8. Petitioner also argues that the trial court failed to instruct the jury on self-defense, denied counsel's request for a self-defense instruction, failed to consider testimony from Officers Jones and Hernandez which could have exonerated Petitioner, and considered claims that were not raised at trial or by the state or that occurred after the trial.[1] *Id.* at 9.

The Court can characterize Petitioner's motion in three ways: as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b); as a motion to amend; or, as an independent habeas petition. Under any characterization, Petitioner's motion must be denied.

*Motion for Relief from Judgment*

Petitioner previously filed a motion to reopen judgment in this case, *see* Doc No. 21, which the Court construed as a motion for relief from judgment under Rule 60(b). As the Court explained in its prior ruling, a motion to reopen a habeas proceeding is appropriate under Rule 60(b) where the grounds raised "relate[] to the integrity of the federal habeas proceeding, not to the integrity of

---

[1] Petitioner does not elaborate on this last claim in this motion. He included the same claim in his motion to reopen—that the trial court allowed claims "to be admitted into evidence that was not previously requested by the state to charge the jury." Doc. No. 21. The Court first observes that it is impossible for the trial court to address claims that did not arise until after the trial concluded. As to the remainder of the claim, although the Court cannot discern a cognizable constitutional violation from the cryptic statement, permission to assert the claim at this time is not warranted for the reasons discussed *infra*.

the state criminal trial." *Brown v. Ercole*, 563 F. App'x 821, 822 (2d Cir. 2014) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001)) (internal quotation marks omitted).

In his motion to reopen, Petitioner asserted five claims: (1) the trial court considered evidence not distinctly raised at trial or that arose after the trial; (2) the trial court allowed claims to be admitted into evidence that were not previously raised by the State in the request to charge the jury; (3) the trial court failed to instruct the jury on self-defense; (4) trial counsel failed to argue for a self-defense instruction; and, (5) trial counsel failed to present witnesses and crucial evidence from the testimony of Officers Jones and Hernandez that would have exonerated Petitioner. *See* Doc. No. 21. The Court determined that all five claims related to the merits of Petitioner's state conviction and sought to assert new grounds for relief, claims not properly asserted in a Rule 60 motion to reopen judgment. *See Harris v. United States*, 367 F.3d 74, 81 n.5 (2d Cir. 2004) (Rule 60 motion to reopen habeas action inappropriate where motion attacks the underlying conviction on the merits by, for example, seeking to add a new ground for relief); *see also Negron v. United States*, No. 08-3233-pr, 394 F. App'x 788, 793, 2010 WL 3818099, at ----4 (2d Cir. Oct. 1, 2010) ("A motion to reconsider…is an improper means to raise new grounds for habeas relief that could have been presented in the earlier habeas proceeding.") (citation omitted). Thus, the Court denied the motion to reopen. *See* Doc. No. 24.

In this motion, Petitioner asserts seven grounds: (1) the trial court failed to instruct the jury on self-defense; (2) the trial court denied counsel's request for a self-defense instruction; (3) the trial court failed to consider the testimony from Officers Jones and Hernandez, evidence that could have exonerated Petitioner; (4) the trial court considered claims raised by the state that were not distinctly raised at trial or that arose subsequent to the trial and permitted claims to be admitted into evidence that were not raised by the state; (5) trial counsel failed to argue for a self-defense

instruction even though counsel had notice of additional favorable evidence that would support such instruction; (6) trial counsel failed to present evidence and witnesses consistent with a self-defense theory without strategic or tactical justification; and, (7) trial counsel intentionally advised Petitioner to withdraw his appeal and withdrew the appeal without Petitioner's consent. *See* Doc. No. 27 at 8–9.

All seven grounds, many of which were included in the prior motion to reopen, seek to assert new challenges to Petitioner's conviction in state court. None challenge the way this Court denied Petitioner's habeas petition. Thus, neither of the two additional grounds are properly raised in a Rule 60 motion to reopen judgment.

*Motion to Amend*

The second possible interpretation of Petitioner's motion is a request to amend his petition to include new claims. However, the Second Circuit determined in *Whab*, "that a district court should not entertain a motion to amend a habeas petition where the court does not have simultaneously before it both the original petition and the motion to amend." *Lewis v. Brown*, No. 1:10-CV-0796 (MAT), 2013 WL 2181520, at *1 (W.D.N.Y. May 20, 2013) (citations omitted). As was the case in *Whab*, here, before the motion was filed, the initial petition had already been decided and "had moved to appellate proceedings." *Whab* 408 F.3d at 119. Thus, the purported amended petition and the original petition are not simultaneously before this Court. Accordingly, it would be inappropriate to construe the motion as a request to amend the petition. *See Lewis*, 2013 WL 2181520, at *1 (declining to construe second petition as motion to amend first petition because Second Circuit denied certificate of appealability on first petition and, therefore, "the two petitions will not be before this Court simultaneously" and the second petition "cannot amend a non-existent pleading.").

*Independent Petition*

The third possible characterization is to treat Petitioner's motion as an independent petition filed pursuant to 28 U.S.C. § 2254.

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period commences when the petitioner's conviction becomes final. That date is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed,[2] *id.*, and may be tolled for the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by Supreme Court on petition for writ of certiorari). To equitably toll the limitations period, the petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence during the entire period he seeks to have tolled. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Connecticut Supreme Court issued its decision denying certification in Petitioner's direct appeal[3] on December 8, 2020. *See State v. Anderson*, 335 Conn. 984, 242 A.3d 105 (2020).

---

[2] The statute also provides that the limitations period may commence on:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date of which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). None of these provisions are relevant to this action.

[3] Anderson states in his petition and argues in his motion that trial counsel withdrew his appeal. However, as previously observed, the state habeas court reinstated Anderson's appellate rights and his appeal was considered on the merits by

Petitioner's conviction became final ninety days later, on March 8, 2021, at the expiration of the time within which he could have filed a petition for certiorari at the United States Supreme Court. The Connecticut Supreme Court also denied certification in Petitioner's state habeas case on December 8, 2020. *See Anderson v. Commissioner of Corr.*, 335 Conn. 983, 242 A.3d 105 (2020). Anderson stated in his petition that he filed only one state habeas action. *See* Doc. No. 1 at 6–7. Thus, there were no other state habeas actions or other collateral attacks on his conviction that would have tolled the limitations period. Nor does Petitioner allege any facts that would warrant equitable tolling. And filing a federal habeas petition does not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). Thus, the limitations period for Petitioner to file a federal habeas petition commenced on March 8, 2021, and expired one year later, on March 8, 2022.

Petitioner's motion was signed on June 2, 2022, nearly three months after the limitations period expired. Even if the Court were to consider the motion filed as of the date Petitioner filed his motion to reopen in this Court, May 11, 2022, the motion would have been filed two months too late. Accordingly, if the motion is construed as an independent petition, the petition is time-barred.

**Conclusion**

For the foregoing reasons, Petitioner's motion [**Doc. No. 27**] is **DENIED**. The Court concludes that an appeal of this ruling would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** this 3rd day of August 2022 at Bridgeport, Connecticut.

*Kari A. Dooley*
Kari A. Dooley
United States District Judge

the Connecticut Appellate Court. *See State v. Anderson*, 201 Conn. App. 21, 241 A.3 17 (2020).